Amanda C. Sommerfeld (SBN 185052)
asommerfeld@jonesday.com
Amanda W. Molinari (SBN 323840)
amolinari@jonesday.com
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071.2300
Telephone: +1.213.489.3939
Facsimile:  +1.213.243.2539

Patricia T. Stambelos (SBN 166998)
patricia@patriciastambelos.com
STAMBELOS LAW OFFICE
543 Country Club Drive, Suite B209
Simi Valley, CA 93065
Telephone: +1.805.578.3474
Facsimile:  +1.805.994.0199

Attorneys for Defendant
SKYWEST AIRLINES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **MICHAEL STOCKBRIDGE and XAVIER CASTRO, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SKYWEST AIRLINES, INC., a Utah corporation; and DOES 1 through 100, inclusive,**<br><br>**Defendants.** | **Case No. 2:22-cv-04935**<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1332(b), 1332(d), 1441(b), AND 1446**<br><br>**[CAFA Jurisdiction]**<br><br>Complaint Filed:  April 25, 2022<br>Trail Date:        None Set |

PLEASE TAKE NOTICE THAT Defendant SkyWest Airlines, Inc. ("SkyWest") hereby removes this matter from the Los Angeles Superior Court to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332(b), 1332(d), 1441(b), and 1446.  The grounds for removal are as follows:

**<u>Claims Asserted in Complaint</u>**

1.    On April 25, 2022, plaintiffs Michael Stockbridge and Xavier Castro ("Plaintiffs") filed a complaint for damages against SkyWest in Los Angeles County Superior Court, Case No. 22STCV13789, entitled *Michael Stockbridge and Xavier Castro, et al. v. SkyWest Airlines, Inc., et al.* (the "Complaint").  In the Complaint, Plaintiffs asserted claims for: (1) penalties for non-compliant wage statements; and (2) civil penalties for violations of California's Private Attorneys General Act ("PAGA").  On July 8, 2022, Plaintiffs effectuated service of the Summons and Complaint on SkyWest.  On July 13, 2022, Plaintiffs filed a First Amended Complaint ("FAC") asserting claims for: (1) unpaid meal period premiums; (2) unpaid rest period premiums; (4) waiting time penalties; (5) penalties for non-compliant wage statements; (6) civil penalties for violations of PAGA; and (7) unfair business practices.  FAC at ¶¶ 44, 52, 58, 64, 75, 79.

2.    Plaintiffs purport to represent the following two subclasses:

<u>Wage Statement Subclass</u>:  All individuals employed in flight crew positions, including individuals employed as Pilots, Co-Pilots, Navigators and Flight Attendants, or individuals holding similar job positions, who were "domiciled" at a California airport, as these terms are defined by the Flight Attendant Policy Manual, at any time during the applicable statutory recovery period ("Class").  FAC at ¶ 17.

<u>Meal and Rest Period Subclass</u>:  All "Flight Attendants," who were "domiciled" at a California airport, as these terms are defined by the Flight Attendant Policy Manual, at any time during the period from four years prior to the filing of this Complaint until the date of certification (the "Class")., [sic] *Id*.

3.    Plaintiffs seek damages, unpaid wages, penalties, injunctive relief, and attorneys' fees.  Prayer for Relief at ¶ 1.

Case No. 2:22-cv-04935

DEFENDANT'S NOTICE OF REMOVAL

## Compliance with Statutory Requirements

4. On July 8, 2022, Plaintiffs effectuated service of the Summons and Complaint on SkyWest. On July 13, 2022, Plaintiffs sent a courtesy copy of the FAC to SkyWest. SkyWest has not yet been formally served with the FAC. SkyWest's removal of this action is therefore timely because it filed the instant Notice of Removal within 30 days of the date it was served with the initial Complaint. 28 U.S.C. § 1446(b). In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon SkyWest are attached to this Notice of Removal as **Exhibit A**.

5. Under 28 U.S.C. § 1446(d), SkyWest will provide written notice of removal of this action to Plaintiffs' counsel and will promptly file a copy of this Notice of Removal and the necessary, attendant documents with the Clerk of the Los Angeles Superior Court. A copy of Defendants' Notice to State Court and Adverse Party of Removal from State Court to the United States District Court of the Central District of California (without exhibits) is attached to this Notice of Removal as **Exhibit B**.

## Intradistrict Assignment

6. Plaintiffs filed this case in the Superior Court of California, County of Los Angeles; therefore, this case may properly be removed to the Western Division of the Central District of California. 28 U.S.C. § 1441(a).

## Jurisdiction—CAFA Jurisdiction

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub L. No. 109-2, 119 Stat. 14 ("CAFA")). Under Section 1332(d), federal courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," 28 U.S.C. § 1332(d)(2)(A), (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2); and (3) "the

number of members of all proposed plaintiff classes in the aggregate is" more than 100, 28 U.S.C. § 1332(d)(2), (5)(B).  All requirements are satisfied in this case.

### **Plaintiffs and Defendant are Citizens of Different States**

8.    In this matter, diversity of citizenship exists because Plaintiffs and SkyWest are citizens of different states.  *See* 28 U.S.C. § 1332(d)(2).  Plaintiff Stockbridge and Plaintiff Castro are both citizens of California.  They both reside in California.  FAC ¶¶ 7–8.  SkyWest, on the other hand, is a Utah corporation with its principal place of business in St. George, Utah.  *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (holding that a corporation's principal place of business is its "nerve center," which will normally be where it maintains its headquarters).  SkyWest's headquarters and executive officers are located in St. George, Utah.  SkyWest is a thus a citizen of Utah for diversity-jurisdiction purposes.

### **The Amount in Controversy Exceeds $5,000,000**

9.    Though SkyWest concedes neither liability for Plaintiffs' claims nor the propriety or breadth of the purported Class as alleged by Plaintiffs, the FAC places in controversy a sum greater than $5,000,000.  *See generally* FAC; 28 U.S.C. § 1332(d).  Plaintiffs seek to recover meal and rest period premium pay, statutory wage statement penalties, statutory waiting time penalties, civil penalties under PAGA, and attorneys' fees on behalf of themselves and each of the purported class members.  FAC at ¶¶ 46, 54, 61, 67, 76, and Prayer for Relief.

10.    Plaintiff seeks to represent two subclasses consisting of:

Wage Statement Subclass:  All individuals employed in flight crew positions, including individuals employed as Pilots, Co-Pilots, Navigators and Flight Attendants, or individuals holding similar job positions, who were "domiciled" at a California airport, as these terms are defined by the Flight Attendant Policy Manual, at any time during the applicable statutory recovery period ("Class").  FAC at ¶ 17.

Meal and Rest Period Subclass:  All "Flight Attendants," who were "domiciled" at a California airport, as these terms are defined by the Flight Attendant Policy Manual, at any time during the period from four years prior to the filing of this Complaint until the date of certification (the "Class")., [sic] *Id.*

11.     SkyWest has employed 2,696 California domiciled Pilots and Flight Attendants at some point between April 2021 and the present.

12.     The aggregate amount in controversy based on Plaintiffs' claims on behalf of the putative class exceeds the amount-in-controversy threshold of $5,000,000 necessary to establish CAFA jurisdiction as follows:[1]

13.     Third Claim for Relief: Waiting Time Penalties: Plaintiffs' third claim for relief seeks waiting time penalties under California Labor Code § 203 for SkyWest's alleged willful failure to pay the Flight Attendant sub-class who are no longer employed by SkyWest their earned meal premiums and rest premiums. FAC at ¶¶ 55–61. Plaintiffs allege that this waiting-time-penalty claim is "wholly derivative of and dependent upon the unpaid wage claims set forth for unpaid meal and rest period premium wages[.]" FAC at ¶ 56. Based on data available to SkyWest, 398 California domiciled Flight Attendants have ended their employment with SkyWest during the relevant three-year limitations period. *See* CAL. LAB. CODE § 203(b); *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1398 (2010) ("[W]e conclude there is but one reasonable construction: section 203(b) contains a single, three-year limitations period governing all actions for section 203 penalties . . . ."). Because Plaintiffs allege that SkyWest's policies and practices uniformly and consistently result in unpaid meal and rest premiums, SkyWest assumes for purposes of calculating the amount set in controversy by this claim that all 398 of these California domiciled Flight Attendants are entitled to at least one of the above categories of unpaid wages. And because Plaintiffs allege that they and the Class have not yet been paid these due and owing amounts, SkyWest assumes a maximum-duration penalty of 30 days for those Flight Attendants whose

---

[1] In alleging the amount in controversy for purposes of removal, SkyWest does not concede or acknowledge in any way that the allegations in Plaintiffs' Complaint are accurate or that Plaintiffs or any proposed class member are entitled to any amount under any claim or cause of action. Nor does SkyWest concede or acknowledge that any class may be certified, whether as alleged or otherwise, or that any or all of its current or former employees are entitled to any recovery in this case, or are appropriately included in the putative class.

employment terminated at least 30 days before the filing of the Complaint. So, this claim puts into controversy at least **$1,432,800**. Although the actual hourly rates differ for each Flight Attendant, this amount is conservatively calculated based on the California state minimum wage rate of $15.00 per hour, multiplied by 8 hours to receive the daily rate of $120, multiplied by 30 days of unpaid wages, multiplied by 398 former California domiciled Flight Attendants. *See* CAL. LABOR CODE § 203(a).

14.     Fourth Claim for Relief: Non-Compliant Wage Statements: Plaintiffs' fourth claim for relief seeks wage-statement penalties for allegedly non-compliant wage statements under California Labor Code § 226. FAC at ¶¶ 62–67. Plaintiffs allege that "in violation of California Labor Code section 226(a), SkyWest does not maintain on file a copy of the itemized statements provided to employees or a computer-generated record that accurately shows gross wages earned for all hours worked … total hours worked by the employee … the name and address of the legal entity that is the employer …" FAC at ¶ 64. Because Plaintiffs allege that the wage statements failed to identify the name and address of the legal entity that employed Plaintiffs and class members —something independent of a specific employee's purported inaccuracies—SkyWest assumes for purposes of calculating the amount put into controversy by this claim that all employees who received wage statements during the relevant limitations period (from April 2021, forward), *see Falk v. Children's Hospital Los Angeles*, 237 Cal. App. 4th 1454, 1469 (2015) (applying one-year limitations period to a wage-statement claim), received allegedly non-compliant ones each time they received a wage statement. Under Labor Code section 226(e), violations of Section 226(a) yield a $50 per person penalty for the initial wage statement, and a $100 per person penalty for each subsequent violation, up to a maximum of $4,000 per person. Based on data available to SkyWest, there are 2,696 California domiciled Pilots and Flight Attendants who received wage statements during the relevant limitations period.

Pilots and Flight Attendants get paid on a bi-weekly basis, with off-cycle payments made for bonuses earned, such that 55,303 wage statements have been issued during the limitations period, which began on April 25, 2021, one year before the complaint was filed. This claim therefore places in controversy an amount of **at least $5,395,500.**[2]

15.     Plaintiffs also request attorneys' fees and costs. Prayer for Relief, ¶ 1. Where, as here, Plaintiffs are entitled to recover future attorneys' fees if this action succeeds, "there is no question that future [attorneys' fees incurred after removal] are 'at stake' in the litigation, and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (internal citations omitted); Cal. Lab. Code § 226(e)(1) (providing for recovery of attorneys' fees). Using "25% as a benchmark" for attorney's fees would add **$1,707,075** to the amount in controversy. *In re Hyundai & Kia Fuel Economy Litig.*, 926 F.3d 539, 570 (9th Cir. 2019); *Lucas v. Michael Kors (USA), Inc.*, No. CV181608MWFMRWX, 2018 WL 2146403, at *12 (C.D. Cal. May 9, 2018) ("[I]n the past this Court has approved, in a similar CAFA wage and hour case, a twenty-five percent benchmark "to be added to any claim for which attorneys' fees [was] available." (quoting *Herrera v. Carmax Auto Superstores California, LLC*, 2014 WL 12586254, at *4 (C.D. Cal. June 12, 2014)); *Anderson v. Starbucks Corp.*, 556 F. Supp. 3d 1132, 1138 (N.D. Cal. 2020).

_____

[2] (55,303 total wage statements x $100 per non-compliant wage statement) – (2,696 first time wage statements x $50 for the first non-compliant wage statement) = $5,395,500. *See* CAL. LABOR CODE § 226(e)(1). To reach the $4,000 per person damages cap imposed by Labor Code section 226(e), a putative class member would need to have received 40.5 wage statements during the relevant period: (40.5 wage statements x $100 per non-compliant wage statement) - $50 for the first non-complaint wage statement = $4,000). None of the putative class members had received more than 40 wage statements in the data SkyWest used for its amount in controversy calculations, and so none of the putative class members had reached the $4,000 per person damages cap under Labor Code section 226(e).

16.     Plaintiffs also bring claims seeking premium wage payments for alleged meal and rest period violations.  FAC at ¶¶ 39-54.  For purposes of this Removal, SkyWest has not calculated the amounts Plaintiffs' meal and rest period claims place in controversy, though these claims would clearly increase the amount in controversy.  Thus, SkyWest's amount in controversy calculations underestimate the total amount placed at issue by the claims in Plaintiffs' FAC.

17.     After totaling the amounts put in controversy by only two of Plaintiffs' claims, and accepting all allegations in Plaintiffs' Complaint as true for the purposes of this removal petition only, there is **at least $8,535,375** at stake.

18.     This dispute plainly exceeds the minimum amount-in-controversy requirement for jurisdiction pursuant to CAFA.

### Number of Proposed Class Members

19.     The number of putative class members in the aggregate well exceeds 100.  28 U.S.C. § 1332(d)(5)(B).  As mentioned throughout this Notice of Removal, SkyWest's calculations assume 2,696 putative class members.  This includes all California domiciled Pilots and Flight Attendants who have worked for SkyWest at any point from April 2021 until the present.  This requirement is therefore satisfied.

WHEREFORE, the above-titled Action is hereby removed to this Court from the Superior Court of the State of California, County of Los Angeles.

Dated: July 19, 2022

Respectfully submitted,

JONES DAY

By:_____
      Amanda C. Sommerfeld

Counsel for Defendant
SKYWEST AIRLINES, INC.

NAI-1531953379v7