JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STOCKBRIDGE and XAVIER CASTRO, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiff,<br><br>v.<br><br>SKYWEST AIRLINES, INC., a Utah corporation; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. CV 22−04935−DMG (JCx)<br><br>**AMENDED ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE** |

Before the Court are the Motions of Plaintiffs Michael Stockbridge and Xavier Castro for Final Approval of Class Action Settlement and for Attorneys' Fees, Litigation Expenses, Administration Costs, and Class Representative Service Award ("Motions"). Defendant SkyWest Airlines, Inc. ("Defendant") does not oppose the Motions. The Court conducted a fairness hearing on January 19, 2024, at 10:00 a.m. Having considered the submissions, the Court GRANTS Plaintiffs' Motions.

**I.  Background**

Plaintiffs seek final approval of a $3,999,999 settlement (the "Settlement") with Defendant.

Plaintiffs' operative complaint alleges six causes of action: (1) violation of California Labor Code §§ 226.7 and 512 (unpaid meal period premiums); (2) violation of California Labor Code § 226.7 (unpaid rest period premiums); (3) violation of California Labor Code §§ 201–02 (wages not timely paid upon termination); (4) violation of California Labor Code § 226 (noncompliant wage statements); (5) violation of Labor Code § 2698 (PAGA), and (6) violation of California Business and Professions Code § 17200 *et seq*. Plaintiffs bring this action as a putative class action on behalf of themselves and "All "Flight Attendants," who were "domiciled" at a California airport, as these terms are defined by the Flight Attendant Policy Manual, at any time during the period from four years prior to the filing of this Complaint until the date of certification." Second Amended Complaint ¶ 17 [Doc. # 26 ("SAC")].

The Parties engaged in a private mediation session with mediator Hon. S. James Otero and reached an agreement in principle to settle all claims. In August 2023, the Parties entered into a long form settlement agreement. *See Joint Stipulation of Class Action Settlement* ("*Agreement*"), Doc. # 33, Attachment 1 (Exhibit "A"). The settlement class consists of "all Flight Attendants who were 'domiciled' at a California airport at any time from July 13, 2018, through September 15, 2023)" ("Settlement Class" or "Settlement Class Members").

1    Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement on August 18, 2023. [Doc. # 33.] On September 15, 2023, the Court certified the Settlement Class for settlement purposes only. [Doc. # 36.] It also preliminarily approved the proposed settlement, approved the proposed Class Notice, and appointed CPT Group as the Settlement Administrator, Matthew Bainer of The Bainer Law Firm APC as Class Counsel, and Plaintiffs as Class Representatives. The Court further ordered Plaintiffs to submit a brief justifying Class Counsel's award of attorneys' fees and costs.

Defendant provided CPT Group with a mailing list containing the name, last known address, Social Security Number, and pertinent employment information during the Class Period for the Settlement Class Members. Declaration of Kaylie O'Connor Regarding Notice and Settlement Administration ("O'Connor Decl."), ¶ 3. The Class List contained data for 1930 unique Settlement Class Members. *Id*. On November 13, 2023, after conducting a National Change of Address search to update the addresses in the class list, CPT Group mailed the Notices to 1930 Class Members via first-class U.S. mail. *Id*. ¶¶ 3–6. If a Class Member's Notice Packet was returned by the USPS as undeliverable and without a forwarding address, CPT Group performed an advanced address search (*i.e.*, skip trace) on all of these addresses by using Accurint, a reputable research tool owned by Lexis-Nexis. *Id*. ¶ 7. CPT Group used the Class Member's name, previous address and Social Security Number to locate a current address. Through the advanced address searches, CPT Group was able to locate 72 updated addresses and CPT Group promptly mailed Notice Packets to those updated addresses. Ultimately, 11 Class Member Notices were undeliverable because CPT Group was unable to locate a current address. CPT Group received 0 requests for exclusion from the Settlement. *Id*. ¶ 8. Of the Settlement Class Members who received the Notice, no one has objected. *See id*. ¶ 9.

Plaintiffs now move unopposed for final approval of the Settlement Agreement

and for an order awarding attorneys' fees and costs. Specifically, Plaintiffs move for the Court to approve the $3,999,999 Gross Settlement Amount, which includes: (1) all payments to Class Members; (2) attorneys' fees for Class Counsel of $1,333,333; (3) Class Counsel's costs and expenses of $17,415.33; (4) a Class Representative Enhancement Payments of $10,000 to each Plaintiff; (5) Settlement Administration Costs of $19,500; (6) PAGA penalties of $100,000, a portion of which will be paid to the Labor and Workforce Development Agency ("LWDA") in the amount of $75,000, and a portion of which will be paid to the participating settlement class in the amount of $25,000.

This Order incorporates by reference the definitions of the Agreement as though fully set forth herein, and all terms used herein shall have the same meaning as set forth in the Agreement.

**II.  Final Approval of the Class Settlement**

   A.   Legal Standard

A court may finally approve a class action settlement "only after a hearing and on finding that the settlement . . . is fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2). Approval or rejection of a settlement agreement is committed to the district court's sound discretion. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011). In determining whether a settlement is fair, reasonable and adequate, the court must "balance a number of factors: the strength of the plaintiffs' case; the risk, expense, complexity and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of proceedings; the experience and views of counsel; the presence of a government participant; and the reaction of the class members to the proposed settlement." *Id.*; *see also Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003); *Officers for Justice v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982) (noting that the list of factors is "by no means an exhaustive

list").

The district court must approve or reject the settlement as a whole after comprehensively exploring all factors. *See Hanlon*, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness."). The Court may not delete, modify or rewrite particular provisions of the settlement. *See id*. The district court is cognizant that the settlement "is the offspring of compromise; the question . . . is not whether the final product could be prettier smarter or snazzier, but whether it is fair, adequate and free from collusion." *Id*. In determining whether a proposed settlement should be approved, the Ninth Circuit has a "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

B. <u>Discussion</u>

*1. Strength of Plaintiffs' Case*

"An important consideration in judging the reasonableness of a settlement is the strength of plaintiffs' case on the merits balanced against the amount offered in the settlement." *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 488 (C.D. Cal. 2010) (internal quotation marks omitted). This factor is generally satisfied when plaintiffs must overcome barriers to make their case. *See Chun-Hoon v. McKee Foods Corp*., 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010). Plaintiffs recognizes that Defendant would have vigorously contested class certification. Plaintiffs also acknowledge that the costs and risks to the parties of further litigation included a possible determination that the claims were unsuitable for class treatment, appeals, and the possibility of no recovery, as well as the costs associated with trial. Finally, both sides used the pre-mediation time period, as well as their prior wage and hour class action experience, to extensively investigate and evaluate the strength of the claims. Accordingly, the Court agrees with Plaintiffs that this factor weighs in favor of approving the Settlement Agreement.

### 2. *Risk, Expense, Complexity, and Duration of Further Litigation*

The second factor in assessing the fairness of the proposed settlement is the complexity, expense, and likely duration of the lawsuit if the parties had not reached a settlement agreement. *See Officers for Justice*, 688 F.2d at 625. Class Counsel thoroughly investigated the facts of the class action, received and analyzed data and documents produced by Defendant, including relevant polices during the class period, and time and pay records for all Settlement Class Members. If the case were to proceed further, the fees and costs may increase because Class Counsel would have to conduct significant additional discovery. The Settlement Agreement minimizes the delay and costs that further litigation would entail. Moreover, the Settlement Agreement provides for payment to the Settlement Class now and eliminates the possibility that the Settlement Class Members could receive nothing after further proceedings. Without settlement, Plaintiffs state that they expect further protracted and difficult litigation on complex issues including class certification. Thus, the risks, expense, and duration of continued litigation support final approval of this settlement. *See Dyer v. Wells Fargo Bank, N.A.*, CV 13-02858 JST, 2014 WL 5369395, at *3 (N.D. Cal. Oct. 22, 2014) ("This factor supports final approval of this settlement because, without a settlement, Plaintiffs would risk recovering nothing after a lengthy and costly litigation.").

### 3. *Risk of Maintaining Class Action Status Through Trial*

Although the Court has preliminarily certified the class, the certification was for settlement purposes only. *See* Prelim. Order. Under Federal Rule of Civil Procedure 23(c)(1)(C), an "order that grants or denies class certification may be altered or amended before the final judgment." Because Defendant likely would have vigorously contested class certification through trial, this factor favors final approval of the Settlement Agreement.

### 4. *Amount Offered in Settlement*

The fourth factor in assessing the fairness of the proposed settlement is the amount of the settlement. "[T]he very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes." *Officers for Justice*, 688 F.2d at 624 (internal quotation marks omitted). The Ninth Circuit has explained that "the proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Id.* at 625. Rather, any analysis of a fair settlement amount must account for the risks of further litigation and trial, as well as expenses and delays associated with continued litigation.

Here, the parties agreed to settle all claims for a total sum of $3,999,999. The parties reached this settlement with the help of an experienced mediator. The Court considered the parties' respective opinions regarding the value and merits of this case during the preliminary approval stage and continues to find that this amount is appropriate in light of the challenges described above. *Aarons v. BMW of N. Amer., LLC*, No. CV 11–7667 PSG (CWx), 2014 WL 4090564, at *11 (C.D. Cal. Apr. 29, 2014) (noting that while settlements will not make most class members completely whole, class members will "discount their claims to obtain a certain and timely recovery, rather than bear the significant risk and delay associated with further litigation"). The Court also recognized that Settlement Class Members faced significant risk of no recovery and ongoing litigation expenses if forced to proceed with litigation. The Court was satisfied that the total Class Settlement award was reasonable. Considering the significant risks, the Court still finds that the settlement amount is reasonable.

### 5. *Extent of Discovery Completed and Stage of the Proceedings*

This next factor requires the Court to gauge whether Plaintiffs had sufficient information to make an informed decision about the merits of his case. *See In re Mego*, 213 F.3d 454, 459 (9th Cir. 2000). Class Counsel thoroughly investigated the facts of the class action, including a review of relevant documents and data through

formal and informal discovery. This discovery, investigation, research, and prosecution included, among other things: production of all relevant policy and procedure documents, data points relevant to the potential damages, and time and payroll records for all Class Members for the entire relevant time period. *See id.* Class Counsel also investigated the claims at issue through interviews, background investigations, and analyses of employment records; did research on similar class actions; identified witnesses; analyzed Defendant's wage and hour policies; and prepared valuation analyses of the claims. This suggests that the parties were well informed and had sufficient information to assess the merits of their claims. *See Glass v. UBS Fin. Servs., Inc.*, CV 06-4068 MMC, 2007 WL 221862, at *5 (N.D. Cal. Jan. 26, 2007) (reasoning that the parties' having undertaken informal discovery prior to settling supports approving the class action settlement). The parties have also engaged in substantial settlement negotiations and mediation.

The Court is confident that Plaintiffs had enough information to make an informed decision about the settlement based on the strengths and weaknesses of the case. This factor weighs in favor of granting approval.

6. *Experience and Views of Counsel*

"Parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). While counsel's views are instructive, they do not entitle the plaintiff to a presumption of fairness. *See Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1049 (9th Cir. 2019). Here, Class Counsel has extensive experience handling employment class action cases. The Court is satisfied that this experience has allowed Class Counsel to evaluate the merits of the claims and risks associated with prosecuting them through trial and appeal. The Court accordingly credits Counsel's determination that the settlement is "fair, adequate, and reasonable" and finds that this factor weighs slightly in favor of final approval.

       7.    *The Presence of a Government Participant*

Because there is no government entity directly participating in the case, this factor is not relevant to the analysis.

       8.    *Class Members' Reaction to the Proposed Settlement*

In evaluating the fairness, adequacy, and reasonableness of settlement, courts also consider the reaction of the class to the settlement. *See Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003). "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528–29 (C.D. Cal. 2004); *see also Arnold v. Fitflop USA, LLC*, No. CV 11-0973-W (KSCx), 2014 WL 1670133, at *8 (S.D. Cal. Apr. 28, 2014) (concluding that the reaction to the settlement "presents the most compelling argument favoring settlement").

Here, none of the Class Members who received the Class Notice requested exclusion from or objected to the settlement. Accordingly, this factor weighs in favor of final approval.

### C. Settlement Administration Amount

Plaintiffs propose to pay CPT Group $19,500 for administering the Settlement. This request is reasonable given the class size and the costs and expenses associated with administering the notices and distributing the awards and tax documentation to the claimants. *See Ching v. Siemens Indus.*, No. 11–cv–04838–MEJ, 2014 WL 2926210, at *2 (N.D. Cal. June 27, 2014) (approving an estimated $15,000 claims administrator fee for 68 claims); *Ozga v. U.S. Remodelers, Inc.*, No. C 09–05112 JSW, 2010 WL 3186971, at *2 (N.D. Cal. Aug. 9, 2010) (granting $10,000 to the claims administrator for 156 claims).

### D. PAGA Penalties

The parties have agreed to a PAGA penalty of $100,000. Seventy-five percent

($75,000) will go to the LWDA and twenty-five percent ($25,000) will remain part of the Settlement for distribution to Settlement Class Members. *See id.*; Cal. Lab. Code § 2699(i) (providing that 75 percent of civil penalties recovered by aggrieved employees should be distributed to the LWDA). This PAGA allocation represents 2.5 percent of the $3,999,999 gross settlement amount, which falls slightly above the zero to two percent range for PAGA claims approved by courts. *See, e.g., In re M.L. Stern Overtime Litig.*, No. CV 07-0118 BTM (JMAx), 2009 WL 995864, at *1 (S.D. Cal. Apr. 13, 2009) (approving PAGA settlement of two percent); *Hopson v. Hanesbrands, Inc.*, No. CV 08-0844 EDL, 2008 WL 3385452, at *1 (S.D. Cal. Apr. 13, 2009) (approving a PAGA settlement of 0.3 percent); *Nordstrom Comm'n Cases*, 186 Cal. App. 4th 576, 589 (2010) (approving settlement of wage and hour class action claims and PAGA claims under which no money was allocated to the PAGA claims). Therefore, the Court finds that the settlement of the claims for penalties under PAGA is reasonable.

### III.   Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiffs' motion for final approval of the class action settlement, and **GRANTS** Plaintiffs' request for an award of attorneys' fees, costs, and an incentive award. Accordingly, it is HEREBY ORDERED AS FOLLOWS:

1. This Order incorporates by reference the definitions of the Agreement as though fully set forth herein, and all terms used herein shall have the same meaning as set forth in the Agreement.

2. The Court approves settlement of the action between Plaintiffs and Defendant as set forth in the Settlement Agreement as fair, just, adequate, and reasonable. The parties are directed to perform their Settlement in accordance with the terms set forth in the Settlement Agreement.

3. The Court finds that adequate notice was provided under the Class Action Fairness Act ("CAFA").

4. The Court hereby confirms the appointment of Michael Stockbridge and Xavier Castro as Class Representatives for purposes of the Settlement.

5. The Court hereby confirms the appointment of Matthew Bainer of The Bainer Law Firm APC as Class Counsel for purposes of the Settlement.

6. The Court hereby approves the payment from the Settlement Amount of settlement administration costs in the amount of $19,500.00 to CPT Group, the Settlement Administrator, for services rendered in this matter. The Court finds that this payment is fair and reasonable. The Settlement Administrator is directed to make the foregoing payment in accordance with the terms of the Settlement Agreement.

7. The Court hereby approves a payment from the Settlement Amount of a PAGA award of $100,000, of which 75% (i.e. $75,000) will go to the California Labor & Workforce Development Agency for its share of penalties under the Labor Code Private Attorneys General Act, pursuant to Cal. Labor Code § 2699(i), and $25,000 will remain part of the Settlement Amount for distribution to Settlement Class members in accordance with the terms of the Settlement Agreement.

8. The Court hereby awards Class Counsel $1,333,333 in attorneys' fees and $17,415.33 in costs.

9. This Court hereby enters final judgment in this case in accordance with the terms of the Settlement Agreement, but retains exclusive and continuing jurisdiction for the purpose of interpreting, implementing, and enforcing the terms of the Settlement Agreement, the Preliminary Approval Order, the Final Approval Order, and Final Judgment.

**IT IS SO ORDERED.**

DATED: February 26, 2024

DOLLY M. GEE
U.S. DISTRICT JUDGE